UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| KENNETH M. HANCOCK ) | |
| ) | |
| v. ) | NO. 2:05-CV-194 |
| ) | |
| JO ANNE B. BARNHARDT, ) | |
| Commissioner of Social Security ) | |

## MEMORANDUM OPINION

The plaintiff Kenneth M. Hancock has filed a motion for summary judgment on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying his application for disability insurance benefits under the Social Security Act. The defendant has also filed a motion for summary judgment.

Mr. Hancock was born in 1960 and was 44 years old at the time of his administrative hearing. [Tr. 53]. He completed some college and has relevant past work experience as an operational test mechanic. [Tr. 84, 1158]. Mr. Hancock alleges he is disabled as of May 2, 2002, from a cognitive disorder, depressive disorder, anxiety disorder with panic attacks, and agoraphobia. [Tr. 13]. Based upon a finding that his severe impairments were not severe enough, the Administrative Law

Judge [ALJ] found that Mr. Hancock was not disabled as defined by the Social Security Act. [Tr. 20-21].

At Mr. Hancock's administrative hearing held on September 22, 2004, the testimony of Mr. Hancock and vocational expert Sandy Minor was received into evidence. [Tr. 1126-62]. Mr. Hancock testified he last worked in May 2002 as an aircraft field mechanic. [Tr. 1126-27]. He stopped working when he began having panic attacks inside the fuel tanks on which he was working. [Tr. 1129]. His condition did not improve once he left his job. [Tr. 1135]. Mr. Hancock testified that he moved to Tennessee from Utah about six months ago. [Tr. 1147]. Since then, his panic attacks have decreased while his depression has increased. [*Id*.].

Vocational expert Ms. Sandy Manor testified next. [Tr. 1156- 62]. She classified Mr. Hancock's past relevant work as a operational test mechanic for the Air Force as heavy work. [Tr. 1158]. The ALJ asked her to assume a man of Mr. Hancock's age, education, and past relevant work who was limited to jobs in the low stress level. [Tr. 1157]. In this instance, low stress would mean no working with the general public, minimal supervision and minimal interaction with co-workers, and minimal work setting changes. [*Id*.]. In addition, such a person must have the option of working alone. [*Id*.]. Such a person would also require a nearby restroom in his working environment and would require work at the lower concentration level because

2

of emotional and mental impairments. [Tr. 1158]. According to the vocational expert, such a person could work as a parking lot attendant, toll collector, addressor, and house sitter. [Tr. 1159-61].

The ALJ ruled that Mr. Hancock was not disabled because his severe impairments of anxiety-related disorders and affective/mood disorders were not severe enough for a finding of disability. [Tr. 13, 20]. The ALJ then found Mr. Hancock retained the residual functional capacity [RFC] to perform:

> the full range of all exertional and non-exertional aspects of work with no exertional limitations **and** [that which] **did not require**: working in an area without a restroom nearby for quick access; work at more than a low stress level, which means: essentially no working with the general public, minimal supervision and minimal interaction with co-workers, minimal work setting changes; and, work at more than a low concentration level, which precludes such tasks as mental computation, sustained spontaneous speaking or sustained reading and writing, but still having average alertness and attentiveness. Also, [Mr. Hancock] cannot work with crowds of people, either/or with the public or co-workers. [Tr. 18].

With those limitations, the ALJ found that Mr. Hancock could perform work that exists in significant numbers in the national economy. [Tr. 20].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the

3

record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Hancock requests summary judgment and challenges the ALJ's failure to find that his physical impairments were severe. This challenge will fail. Mr. Hancock's attorney at the administrative hearing focused his opening statement and his questions on Mr. Hancock's panic disorder, agoraphobia, anxiety disorder, bipolar disorder, and depression. [Tr. 1126]. No mention whatsoever was made of any physical problems, except for a fleeting mention of diarrhea during a panic attack. [Tr. 1129]. In addition, Mr. Hancock did not mention any physical ailments in his application for benefits except for migraines. [Tr. 92]. Given the paucity of information about physical impairments and Mr. Hancock's lack of complaints about physical impairments, the ALJ's finding was based on substantial evidence.

Mr. Hancock next contends the ALJ erred in the evaluation of his mental

4

impairments. According to the ALJ, Mr. Hancock's degree of limitation in activities of daily living was mild, he had moderate difficulty in maintaining social contact, he had moderate limitations of concentration, persistence, and pace, and he had only exhibited one or two episodes of decompensation. [Tr. 14]. These findings by the ALJ are substantiated by the medical record. Craig Swaner, Ph.D., examined Mr. Hancock in October 2002 and found that he remained on task, exhibited appropriate persistence and pace, and had probable moderate agoraphobia. [Tr. 1012]. Also in October 2002, R. Bailly, Ph.D., evaluated Mr. Hancock and found he had a moderate level of impairment in social interaction and retained the ability to perform "routine work in a sustained basis with very limited social contact." [Tr. 1088]. Dr. Bailey also found Mr. Hancock had no restriction in his activities of daily living, moderate difficulties in maintaining social functioning, and mild difficulties in maintaining concentration, persistence, and pace. [Tr. 1100].

Mr. Hancock argues that some of his physicians indicated he might be disabled from his mental impairments. This is true, and not so true. For instance, Dr. Johnnie Cook indicated on May 9, 2001, that Mr. Hancock currently had a 10% disability for depression and anxiety; however, he believed that percentage should be increased to 100%. [Tr. 946]. Almost a year later, however, Dr. Roberta Brunson, a colleague of Dr. Cook's, indicated Mr. Hancock could return to work or to school. [Tr. 944]. In

5

addition, on May 8, 2002, physician's assistant John Galassie indicated Mr. Hancock could return to work. [Tr. 963]. Finally, Dr. Loren Lewis indicated in July 2002 that Mr. Hancock could possibly work from home, although that option was not available in his current position. [Tr. 948]. Because the ALJ's findings were consistent with the medical record, they were made with substantial evidence.

Mr. Hancock also argues the ALJ failed to consider his impairments in combination. Impairments have been considered in combination when the ALJ refers to them in the plural (i.e., impairments), focuses the claimant's RFC on more than one impairment, and asks a hypothetical question that encompasses the impairments. *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The ALJ referred to Mr. Hancock's impairments three times in his decision. [Tr. 13, 15]. The ALJ focused his RFC on his anxiety-related disorders and affective/mood disorders. [Tr. 18]. Finally, the hypothetical questions the ALJ asked the vocational expert also focused on Mr. Hancock's anxiety-related disorders and affective/mood disorders. [Tr. 1157-58]. Based on the Sixth Circuit framework, the ALJ considered Mr. Hancock's impairments in combination.

After careful consideration of the entire record of proceedings related to this case, Mr. Hancock's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

6

An appropriate order will follow.

ENTER:

                                        s/Thomas Gray Hull
                                        THOMAS GRAY HULL
                                           SENIOR U. S. DISTRICT JUDGE